MICHAEL STABLER, Regional Solicitor, Kansas City
ROBERT MILGRIM, ERISA Counsel, Kansas City
USHA R. SMERDON, Trial Attorney, Kansas City
California State Bar No. 184511
Office of the Solicitor
United States Department of Labor
1210 City Center Square
1100 Main Street
Kansas City, MO 64105
Telephone: (816) 426-6441
Facsimile: (816) 426-2500
E-mail: smerdon.usha@dol.gov

Attorneys for the Plaintiff
ELAINE L. CHAO, SECRETARY OF LABOR
UNITED STATES DEPARTMENT OF LABOR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>PHARMACEUTICAL CARE NETWORK, a California Corporation, and its successors<br><br>Defendant. | Case No.: 2:06-cv-01078-LKK-GGH<br><br>CONSENT ORDER |

   Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor ("the Secretary") and Defendant Pharmaceutical Care Network and its successors ("PCN") have negotiated an agreement to settle all civil claims and issues between them in this action (the "Action"), and each consents to the entry of this Consent Order by the Court as the sole and complete memorialization of the terms of such agreement, which is fully integrated. There are no separate oral, implied, written or collateral agreements, other than as expressly set forth herein.

   A.    This Action was filed by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., as amended. The Complaint in this Action alleges that PCN violated provisions of Title I of ERISA while acting in a fiduciary capacity with respect to the employee welfare benefit plans enumerated below in paragraph 2

PDF created with pdfFactory trial version www.pdffactory.com

(the "Affected Plans").

  B. PCN acknowledges service of the Complaint and admits that the Court has jurisdiction over the parties and subject matter of this Action.

  C. The Secretary and PCN expressly waive Findings of Fact and Conclusions of Law and consent to the entry of this Consent Order as a full, final and complete resolution of all claims and issues arising between them in this Action with respect to the Affected Plans without trial or adjudication of any issue of fact or law raised in the Complaint.

  D. PCN waives its rights to a separate notice of assessment of the penalty under ERISA §502(l), 29 U.S.C. § 1132(l), described in paragraph 4 below and to contest that assessment.

  E. The undersigned each expressly acknowledges and represents that he or she has read this Consent Order and understands its provisions. The undersigned each acknowledges and represents that he or she is authorized and empowered to execute this Consent Order on behalf of the party represented.

  F. For the purposes of this Consent Order, the following definitions apply:

   (a) "administrative services agreement" means the contract for pharmacy benefit management services between Payer and PCN;

   (b) "plan" means an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), that is covered by ERISA § 4(a), 29 U.S.C. § 1003(a);

   (c) "rebate" means payments made by drug manufacturers based on the volume and use of applicable drugs by the participants or beneficiaries of a Payer's plan and/or a group of plans including a plan of a Payer, and does not include administrative fees and other fees paid to PCN for its own account for items provided or services rendered to drug manufacturers by PCN;

   (d) "pharmacy benefit management services" means pharmacy or drug benefit management services, including without limitation, negotiating and contracting for rebates, maintaining networks of contracted pharmacies, administering pharmacy claims, and managing managed care pharmacy benefit programs;

   (e) "Payer" means any entity that has entered into an administrative services agreement with PCN directly or indirectly (including without limitation, via a third-party

Consent Order   2

PDF created with pdfFactory trial version www.pdffactory.com

administrator or other intermediary) for the provision of pharmacy benefit management services for a plan; and

(f) "compensation received by PCN" includes any remuneration received or monies retained by PCN for the provision of pharmacy benefit management services to a Payer or a Payer's plan, including without limitation, fees from drug manufacturers, fees collected from Payers, and any other remuneration or fees, to the extent that such remuneration or fees are calculated or received on the basis of the benefits attributable to a Payer or a Payer's plan.

Accordingly, it is ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the parties to this Consent Order and the subject matter of this action and is empowered to provide the relief herein.

2. Within ten (10) calendar days of entry of this Consent Order, PCN shall pay a total of $721,323 to the Affected Plans, to be allocated as follows:

|  | Rebates – Subcontracting Arrangement | Rebates – Retention for Litigation Costs | Retention of Pharmacy Payments[a] | Total |
|---|---|---|---|---|
| C.M.T.A.-I.A.M. J.T. Machinists Trust | $12,106 | $135 | $76,280 | $88,522 |
| G.I. Joe's | $1,590 | N/A | $15,056 | $16,646 |
| I.B.E.W. Local 332 Health & Welfare Trust | $4,199 | N/A | $102,244 | $106,443 |
| Idaho Pipe Trades | $2,751 | N/A | N/A | $2,751 |
| Industrial Sheet Metal Workers, No. 16 | $1,055 | N/A | $4,233 | $5,289 |
| Local No. 16 I.A.T.S.E. | $5,965 | $245 | N/A | $6,210 |
| Local 598 Plumbing & Pipefitting Industry Health & Welfare Trust | $1,252 | N/A | N/A | $1,252 |

---

[a] Settlement allocation for losses attributable to monies withheld by PCN from payments of Payers intended for pharmacy drug claims.

Consent Order    3

PDF created with pdfFactory trial version www.pdffactory.com

| | | | | |
|---|---|---|---|---|
| Louisiana-Pacific | $43,197 | N/A | $70,343 | $113,540 |
| Monterey Culinary Insurance Fund | $1,637 | $122 | N/A | $1,759 |
| Monterey Culinary Medicare Suppl. | $209 | $9 | N/A | $218 |
| No. Calif. Bakery Drivers Security Fund | $14,103 | $717 | $6,081 | $20,900 |
| No. Calif. General Teamsters Retirees Security Fund | $10,562 | $533 | $3,040 | $14,135 |
| No. Calif. General Teamsters Security Fund | $48,792 | $1,743 | $16,219 | $66,754 |
| Pari-Mutuel Guild of Calif. Local 280 Retirees | $1,361 | $108 | $20,045 | $21,513 |
| Retired Electr. Workers of San Mateo Co. Health & Welfare Trust, Local 595 | $625 | $237 | N/A | $862 |
| Stanley Hydraulics | $214 | N/A | N/A | $214 |
| Teamsters Health & Welfare Fund of Philadelphia | $20,165 | N/A | N/A | $20,165 |
| The Standard Insurance Co | $6,049 | N/A | N/A | $6,049 |
| Tri-Counties Welfare Trust | $4,094 | $203 | $9,775 | $14,073 |
| U.A. Local 447 Pipe Trades | $2,713 | $98 | $25,866 | $28,677 |
| Warehousemans' Employers Trust | $7,621 | N/A | $29,312 | $36,934 |
| Washington Bakers Retiree Welfare Trust | $2,069 | N/A | $1,480 | $3,549 |
| Washington State Auto Dealers Trust | $6,621 | N/A | N/A | $6,621 |
| Western States Local of the Office & Professional Employees Int'l Union, Local 11 Union Trust Fund | $10,144 | N/A | $128,103 | $138,247 |

PDF created with pdfFactory trial version www.pdffactory.com

3. Within twenty (20) calendar days of entry of this Consent Order, PCN shall provide to counsel for the Secretary proof of payments as set forth in paragraph 2.

4. Upon full payment of the amounts set forth in paragraph 2, PCN is hereby assessed a penalty of 20% of the applicable recovery amount (i.e., $721,323) pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). The Secretary shall accept, as full satisfaction of the assessed penalty, payment by PCN, of a penalty of $72,132 to the United States Department of Labor by forwarding a check or other instrument in the appropriate amount, within five calendar days of full payment of the amount set forth in paragraph 2, to: U.S. Department of Labor, ERISA Civil Penalty, P.O. Box 70942, Charlotte, North Carolina, 28272-0942. The check or other instrument shall be made payable to the United States Department of Labor and shall reference EBSA Case No. 70-011937(48).

5. PCN agrees to the following disclosures and provisions, as applicable:

(a) PCN shall disclose to the Payer the source and nature of all compensation received by PCN for the provision of pharmacy benefit management services, and shall disclose the source and nature of network participation fees from contracting pharmacies (including a description of how such fees are currently calculated and a statement that the amounts of such fees from contracting pharmacies related to the Payer or the Payer's plan is available upon request) and remuneration from drug manufacturers for its own account for items provided or services rendered to drug manufacturers;

(b) If the amount to be paid by the Payer to PCN for pharmacy drug claims is greater than the amount PCN transmits to the pharmacy for the drug claims, PCN shall disclose to the Payer that arrangement and that PCN will retain the difference as compensation;

(c) If the plan requires participants or beneficiaries to pay a copayment for pharmacy drug claims that is based, in whole or in part, on a percentage of any amount other than the amount the pharmacy actually receives, PCN shall disclose that arrangement to the Payer;

(d) To the extent that the rebates owed to the Payer are based on a percentage of rebate amounts, and if such percentage is applied to the amount received by PCN net of any

costs incurred by PCN in the collection of such rebate, PCN shall disclose to the Payer the basis for calculating the rebate paid to Payer and the nature of such costs;

(e) PCN shall provide to the Payer the following: (i) semimonthly invoices that disclose and identify the amounts of the monies transferred by the Payer or plan directly or indirectly to PCN for payment of pharmacy drug claims and for pharmacy benefit management services rendered; (ii) quarterly reconciliations of the monies received by pharmacies directly or indirectly from PCN for payment of pharmacy drug claims attributable to the Payer or plan compared to the amounts transferred by the Payer or the plan to PCN for such claims showing the total differential; and (iii) quarterly invoices that disclose and identify rebate amounts received by PCN attributable to drugs used by the participants or beneficiaries of the Payer's plan; and

(f) A Payer or plan may, upon request, annually and upon reasonable notice, audit PCN's books, accounts, records and contracts related to the provision of pharmacy benefit management services to the Payer or plan as necessary to confirm that PCN is performing pharmacy benefit management services as required by the administrative services agreement with Payer, including without limitation, audit of utilization information relating to the Payer or plan; payments to pharmacies for drug claims identified by National Drug Code registration number attributable to the Payer or plan; and amounts of rebates, discounts and similar payments attributable to the Payer or plan. In addition, a Payer or plan may, upon request, annually and upon reasonable notice, audit PCN's pharmacy contracts or other arrangements as necessary to determine amounts of network participation fees from contracting pharmacies related to the Payer or plan. PCN may designate provided information as confidential, in which case it may not be disclosed by the requesting party or any other person or entity without the consent of PCN, unless ordered by a court for good cause shown.

6. Within thirty (30) calendar days of entry of this Consent Order, PCN shall send to each Affected Plan an amendment to the administrative services agreement between PCN and such Payer that

PDF created with pdfFactory trial version www.pdffactory.com

shall include the disclosures and provisions set forth in paragraph 5, including its subparagraphs, as applicable.

7. All future administrative services agreements with Payers shall include the disclosures and provisions set forth in paragraph 5, including its subparagraphs, as applicable.

8. Within thirty (30) calendar days of entry of this Consent Order, PCN shall send a notice to each Payer, other than those Payers maintaining Affected Plans, including the disclosures and provisions set forth in paragraph 5, including its subparagraphs, as applicable, and an offer to amend the administrative services agreement currently in effect with the Payer to include such disclosures and provisions, as applicable, to the extent the Payer agrees.

9. All disclosures required by this Consent Order shall be in writing.

10. The Secretary hereby waives, releases and forever discharges PCN, its affiliates, former shareholder, successors and assigns, and its present and former directors, officers, employees (including, but not limited to, Dr. John Skahl and Lilli DuVal), attorneys and agents, both individually and in their representative capacities from any and all claims asserted in the Complaint in this Action and any and all claims, damages, losses, costs, penalties, causes of action and disputes of any kind or nature arising from the acts, omissions, facts or occurrences asserted in the Complaint in this Action and that could have been alleged at the time of filing, except as provided herein. The Secretary expressly does not release or dismiss any criminal claims or claims of any state or other federal agency that have been or may be asserted against PCN.

11. PCN expressly waives any and all claims of whatsoever nature which it, jointly or severally, has or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing of this Action, or any other proceedings and investigations incident thereto, including but not limited to claims under the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412.

12. Neither the fact nor the terms of this Consent Order shall be offered or received in evidence in any action or proceeding for any purpose, including as evidence that PCN was a fiduciary or committed a fiduciary breach, except (1) an action or proceeding arising under this Consent Order or

PDF created with pdfFactory trial version www.pdffactory.com

(2) an action or proceeding where the payment made pursuant to this Consent Order on a particular claim may serve as an offset to recovery.

13. This Consent Order is binding upon the United States Department of Labor and PCN and its successors, and is not binding on any other agency, individual, or entity.

14. Each party to this Consent Order shall bear his, her or its own costs, expenses, and attorneys' fees incurred in connection with this Action and all matters relating thereto. This paragraph shall not affect any party's entitlement to advancement or indemnification with respect to such costs, expenses, or attorneys fees under any applicable insurance policy or policies.

15. The Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Order.

16. By signing their names to this Consent Order, the parties represent that they are informed of, understand the effect and purpose of, and agree to this Consent Order.

17. This Consent Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

18. The Court directs the entry of this Consent Order as a final order.

IT IS SO ORDERED.

/s/Lawrence K. Karlton  
Lawrence K. Karlton  
Senior Judge

AGREED:

 /s/ Jonathan Friedman                                      /s/ Maureen E. Corcoran                         
 (original signature maintained by attorney)    (as authorized on May 12, 2006)  
JONATHAN FRIEDMAN                              MAUREEN E. CORCORAN  
                                                                    Sheppard Mullin Richter & Hampton LLP  
Chief Legal Officer                                         Four Embarcadero, 17th Floor  
                                                                    San Francisco, CA  94111

PHARMACEUTICAL CARE NETWORK    COUNSEL FOR PHARMACEUTICAL CARE NETWORK

Consent Order                                                                                                                      8

PDF created with pdfFactory trial version www.pdffactory.com

HOWARD M. RADZELY
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

G. WILLIAM SCOTT
Senior Trial Attorney
Plan Benefits Security Division

MICHAEL STABLER
Regional Solicitor
Kansas City Regional Office

ROBERT MILGRIM
ERISA Counsel
Kansas City Regional Office

 /s/ Usha R. Smerdon
USHA R. SMERDON
Trial Attorney


COUNSEL FOR THE SECRETARY OF THE
UNITED STATES DEPARTMENT OF LABOR